(9 App. Div. 407.)

GAMBLE v. LENNON.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

APPEAL—DISMISSAL—RULES OF COURT—FAILURE TO FILE PRINTED CASE.
  An appeal will be dismissed on appellant's failure to file the printed case within the time allowed by court, after default in filing the same within the time required by the rules of court, without excuse, or attempting to. secure an extension of time.

Action by Annie Gamble, as administratrix, etc., against William F. Lennon. There was a judgment for plaintiff, and defendant appeals. Dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Grossman & Vorhaus, for plaintiff.

David M. Neuberger, for defendant.

PER CURIAM. The defendant was in default for failure to file the printed case at the July term, and a motion to dismiss the appeal heard at that term was denied upon condition that the printed case be filed and served by the 31st day of August. This was done as a matter of favor to the appellant, although he was then in default, and strictly the plaintiff was entitled to have the appeal dismissed. At that time it appeared that the appellant, although in default, had made no effort to procure an extension of his time to file and serve the printed case, which he might easily have done under the rules, had he been able to show any good reason for it. After the 10th of September—to which date his time to file case had been extended by stipulation—he was again in default, and again he permitted his default to stand without any effort to procure an extension of the time, relying upon the good nature of his adversary or of the court to permit him to escape from the difficulty in case another motion should be made to dismiss his appeal. His reliance has proved a broken reed. While the court is inclined to give a party every reasonable opportunity that his appeal may be heard, yet there should be some diligence by attorneys to enable the court to relieve them. In this case nothing of the kind has been made to appear. It is a pure instance of neglect to do the thing which was prescribed in apparent reliance upon the dislike of the court to enforce rigidly the rules which have been made for the protection of suitors. It is impossible to lay down a hard and fast rule to be applied to such cases. This much may be said: That where a party is likely not to be able to prepare his case within the time required by the rules, he should procure an extension of time if he has any good reason for asking for it, and if he does not do so an inference will be drawn that he had no grounds upon which to make such an application, and, unless that inference can be rebutted, not only by proof of good grounds for the delay, but by giving reasons why an application for the extension of time was not made, he stands in great jeopardy of having his appeal dismissed.

The motion to dismiss the appeal in this case is granted, with $10 costs.